IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PATRICIA ANN JONES | § | |
| | § | |
| V. | § | A-15-CV-568-LY |
| | § | |
| ROSEMARY LEHMBERG, et al. | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Patricia Ann Jones's ("Jones") Motion to Proceed *In Forma Pauperis* (Dkt. No. 2). The District Court referred the above-motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing the financial information in Jones's *in forma pauperis* motion, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Jones *in forma pauperis* status and **ORDERS** her Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Jones is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Jones's Complaint and is recommending her claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Jones has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial

plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer her "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

    Jones's complaint is unclear. To begin with, while Rosemary Lehmberg is the named Defendant in this case, Jones's complaint seems actually to target Travis County District Attorney staff. Although she filled out an EEOC form, with the "The Equal Pay Act" box checked, Jones appears to want this Court to order the Travis County District Attorney's Office to release documents Jones contends she needs in order to apply for compensation and health benefits for what she believes was her wrongful imprisonment. The attachments to Jones's complaint bear this interpretation out. They include a Request for Wrongful Imprisonment Compensation—in the amount of $1,600,000.00—she submitted to the State of Texas Comptroller's Office (Dkt. No. 1-1 at 14), and a letter from the Comptroller rejecting her application (Dkt. No. 1-1 at 9-10). The rejection letter states that the request for compensation was not approved because it did not include certain documents that would prove that she had been wrongfully imprisoned. *Id*. These include either a pardon based on innocence, a habeas corpus order granting a claim of actual innocence, or an order of dismissal by a convicting court that is based on the statement of a prosecuting attorney that a claimant is actually innocent of the crime for which she was sentenced. *Id*. (citing TEX. CIV. PRAC. & REM. CODE § 103.001(a)(2)). The Comptroller's letter, dated May 21, 2015, informed

3

Jones that although her claim had been denied, she had 30 days to file an application to cure. *Id*. at 2. In her complaint, Jones intimates that she visited the Travis County District Attorney's Office in an attempt to procure the documents she needed to cure her application. Dkt. No. 1 at 4. She was apparently unsuccessful, and she appears to have filed suit to request this Court to order the Defendant to issue the documents she needs. *Id*. at 5.

Nowhere in her complaint does Jones state any cognizable cause of action. Federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Their subject matter jurisdiction extends to civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. The Court does not have diversity jurisdiction in this case, as both Jones and the Defendants are citizens of Texas. The Court also does not have federal question jurisdiction in this case. A federal court has federal question jurisdiction over an action only if "a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). Construing her complaint as broadly as possible, Jones may be alleging violations of her civil rights actionable under 42 U.S.C. § 1983. However, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also America Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). In this case, Jones may be arguing that Travis County District Attorney staff obstructed her attempts to recover the documents she needs. However, Jones alleges no facts or circumstances that would suggest that either the named Defendant, Rosemary Lehmberg, or her staff, violated a right protected by the Constitution

or laws of the United States.  Moreover, nothing in Jones's complaint or attachments indicates that she had ever been wrongly imprisoned, and therefore even if she were able to access the documents she has requested, her application for benefits would likely be denied.  Accordingly, she has failed to state a cause of action, and her complaint should be dismissed as frivolous.

A review of the attachments to Jones's complaint makes it clear that she has a history of illness, both mental and physical, and of ill-fated interactions with law enforcement and state and federal agencies.  Dkt. No. 1-1.  Simply put, Jones needs help.  Indeed, Jones's ultimate aim in bringing this suit seems to be obtaining the state health benefits afforded to people who have been wrongfully convicted and imprisoned.  But her attempts to secure that help have led her to file several cases in federal court, each of which has been dismissed as frivolous.  *See, e.g., Jones v. Churchill et al*, No. 1:13-CV-129-SS (W. D. Tex. 2013), *Jones v. Travis County Jail*, No. 1:12-CV-1131-LY, 2013 WL 56205  (W.D. Tex. 2013), *Gonzalez[1] v. Barnhart*, No. 1:06-CV-465-LY, (W.D. Tex. 2006).  Thus, the undersigned recommends that the District Court also advise Jones that should she continue to "clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets," she risks being prohibited from filing future suits, as well as monetary sanctions, by the District Court.  *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Jones *in forma pauperis* status.  Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report.  The undersigned **FURTHER RECOMMENDS** that

---

[1]Patricia Ann Jones has also gone by the name Patricia Gonzalez.  *See*, Dkt. No. 1-1 at 1-7.

the District Court **DISMISS** Jones's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISS** all additional pending motions as **MOOT.**

The Court **FURTHER RECOMMENDS** that the district judge warn Jones that if she continues to file meritless, vague, and impossible claims, the Court may sanction her in the future. Such sanctions may include a broad injunction, barring her from filing any future actions in the Western District of Texas without leave of court, as well as monetary sanctions, including denial or removal of her *in forma pauperis* status thereby requiring her to pay a filing fee before filing any new cases in the Western District of Texas. Additionally, Jones could be prohibited from filing any new lawsuits until any sanction levied against her is paid in full.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3 day of August, 2015.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE